### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Deon Hampton (00260110), )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>James Mendrick, et al., )<br>)<br>Defendants. ) | Case No. 20 C 5948<br><br>Hon. Gary Feinerman |

### ORDER

Plaintiff has paid the $400 filing fee [16]. For the reasons set forth below, the complaint [1] is dismissed without prejudice. If Plaintiff wishes to proceed with this case, she must submit an amended complaint by 4/30/2021 that complies with this order. Failure to submit an amended complaint by that date will result in the dismissal with prejudice of this lawsuit. The Clerk of Court is directed to send Plaintiff an amended complaint form, filing instructions, and a copy of this order. Plaintiff's motion for attorney representation [4] is denied without prejudice. The status hearing set for 4/6/2021 [13] is stricken and re-set 5/18/2021 at 9:55 a.m.

### STATEMENT

Plaintiff Deon Hampton, a detainee at DuPage County Jail proceeding, has paid the $400 filing fee. The court thus proceeds with its initial review of the complaint. Under 28 U.S.C. § 1915A, the court is required to screen a prisoner's complaints and dismiss the complaint, or any claims therein, if the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoner complaints in the same manner they review motions to dismiss under Civil Rule 12(b)(6). *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94

(2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff's sprawling complaint consists of twenty-three pages of allegations and more than seventy pages of exhibits and names at least twenty-three DuPage County Jail officials as Defendants. (Dkt. 1.) Plaintiff describes several incidents at DuPage County Jail that she alleges violated her constitutional rights. First, Plaintiff alleges she has been housed in isolation at the jail and has been verbally and physically harassed because she is transgender and has previously filed lawsuits alleging that Illinois Department of Corrections officials discriminated against her because of her gender. (Dkt. 1., pgs. 14-16, 27-28, 33.) Second, Plaintiff alleges that various officers used excessive force against her on December 25 (the year is not specified), February 13, 2020, and August 23, 2020. (Dkt. 1, pgs. 17-18, 23, 29.) Third, Plaintiff states that officers failed to protect her from another inmate who was throwing feces out of his cell on January 17, 2020. (Dkt. 1, pg. 19.) Fourth, Plaintiff alleges she was held in unconstitutional conditions of confinement because she has been housed at varying times in cells that lacked heat or lights, were infested with insects, and had bodily fluids from other inmates smeared on the walls. (Dkt. 1, pgs. 20-21, 31, 34-35.) Fifth, Plaintiff alleges she was denied due process during a February 13, 2020 disciplinary hearing because one of the hearing officers used slurs to refer to her and stated that she would give Plaintiff the maximum punishment possible any time Plaintiff received a disciplinary ticket, and the second hearing officer stated he would always credit a staff member's version of events over an inmate's story. (*Id.*, pg. 22.) Sixth, Plaintiff alleges that medical staff at the jail have given her the wrong medication on at least four occasions and refused to correct the problem when Plaintiff brought the issue to their attention. (Dkt. 1, pgs. 23-25.) Finally, Plaintiff seeks to hold Defendants Mendrick, Romonali, and Feeney responsible for several of these claims based on their supervisory roles at the jails.

Plaintiff may not proceed with such a broad set of claims. In reviewing a complaint, the court must "be alert to th[e] problem" of inmate litigants "toss[ing] into a single complaint a mishmash of unrelated allegations against unrelated defendants." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) (citing Fed. R. Civ. P. 18, 20); *see also Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (similar). Prisoners, like other litigants in this court, must comply with the rules for joining claims and defendants into a single lawsuit, *Owens*, 860 F.3d at 436 (citing Fed. R. Civ. P. 18, 20); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), and thus "cannot throw all of [their] grievances … into one stewpot," *Wheeler*, 689 F.3d at 683. A plaintiff may join multiple defendants in a single case only if the claims asserted against them "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). But a prisoner cannot pursue every complaint she has regarding any jail or prison in a single lawsuit. *See George*, 507 F.3d at 607; *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) ("The place of confinement is all that connects [the plaintiff-prisoner's] hodgepodge of allegations" about grievances, forcible ending of his hunger strike, medical treatment relating to hunger strike, and failure to protect claim based on housing placement, which thus were not properly joined).

In short, Plaintiff's combination of mostly unrelated allegations is not an acceptable way of proceeding. Her claims are not properly joined merely because all the incidents occurred at DuPage County Jail. The alleged incidents are separate and distinct and implicate unrelated legal issues. Consequently, Plaintiff may not pursue all those claims in the same lawsuit.

Therefore, the complaint is dismissed without prejudice. If Plaintiff wishes to proceed with this lawsuit, she must choose which claims she wants to pursue in this case and amend her complaint, limiting any amended complaint to related claims against properly joined defendants. In any amended complaint, Plaintiff must identify the individual or individuals who knew about the complained-of conditions and explain how she believes they violated her rights. If Plaintiff wants to pursue the remaining claims, she must bring them in a separate lawsuit, accompanied by a separate application to proceed *in forma pauperis*.

Any amended complaint must be submitted on the court's required form. *See* Local Rule 81.1. Any amended complaint also must comport with Civil Rule 11. Rule 11 provides that by signing a pleading, a party represents to the court that her claims are warranted by existing law and that the factual contentions have evidentiary support or likely will have evidentiary support after further investigation. Fed. R. Civ. P. 11(b). Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff is cautioned that an amended complaint supersedes the original complaint and must stand complete on its own. Therefore, the amended complaint cannot refer back to the original complaint. Any documents Plaintiff wants the court to consider in its threshold review of the amended complaint also must be attached. Plaintiff is advised to keep a copy for her files.

Plaintiff's motion for attorney representation is denied without prejudice at this time. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). The court, however, may request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In deciding whether to recruit counsel, the Court engages in a two-step analysis: (1) has the plaintiff made a reasonable attempt to obtain counsel on her own or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does this particular plaintiff appear competent to litigate the matter herself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). This analysis focuses not only on the plaintiff's ability to try the case, but also on her ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Here, Plaintiff states she contacted several lawyers, but has been unsuccessful with obtaining representation. Still, at this early stage of the case, the court cannot determine whether Plaintiff is capable of litigating this case on her own. *Pickett v. CTA*, 930 F.3d 869, 871 (7th Cir. 2019); *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010). Her pleadings thus far are coherent and organized, and they indicate that she is able to continue at this time without counsel. Plaintiff

may renew her motion for attorney representation later in the case if she finds that she is unable to litigate the case on her own.

April 2, 2021

_____
United States District Judge